# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GILBERT CHAKA,

                Petitioner,

       v.

STATE COALINGA, et al.,

                Respondents.

Case No. CV 12-1446-DSF (JEM)

MEMORANDUM AND ORDER
DISMISSING PETITION WITH
LEAVE TO AMEND

On August 28, 2012, Chaka Gilbert ("Petitioner"), proceeding pro se, filed a petition for writ of habeas corpus ("Petition").

The Court's review of the Petition reveals that it suffers from the following deficiencies:

1.     The Petition is essentially unintelligible, and Petitioner has failed to articulate any legal claims for relief or the factual basis for those claims.  It appears that Petitioner was incarcerated at the California State Prison-Corcoran and/or Wasco State Prison, but was transferred to Coalinga State Hospital, where he is currently housed.  A petitioner in custody pursuant to the judgment of a State court may challenge his confinement "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.  Plaintiff fails to do so.  Although he indicates that he wants to

1   be released from Coalinga State Hospital, he does not offer a legal basis for challenging his

2   confinement.  Accordingly, Petitioner fails to state a cognizable claim for habeas relief under

3   28 U.S.C. § 2254.

4           2.      Petitioner has failed to name a proper respondent.  If Petitioner chooses to file

5   an amended petition, he must name as the respondent the warden or administrator of the

6   facility where he is currently confined.  <u>See</u> 28 U.S.C. § 2242; <u>see</u> <u>also</u> <u>Rumsfeld v. Padilla</u>,

7   542 U.S. 426, 436 (2004); Rule 2(a) of the Rules Governing Section 2254 Cases in the

8   United States District Courts and the Advisory Committee Notes thereto.  The Ninth Circuit

9   has held that the failure to name the correct respondent destroys personal jurisdiction.  <u>See</u>

10  <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme</u>

11  <u>Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

12          3.      Petitioner has failed to demonstrate that he has exhausted his state remedies

13  as to any claim that he is in state custody in violation of federal law.  Federal habeas relief

14  may not be granted unless Petitioner has exhausted the remedies available in the courts of

15  the state.  28 U.S.C. § 2254(b)(1)(A).  "To exhaust state remedies, petitioner must present

16  each of his claims to the state's highest court.  In turn, the state's highest court must have

17  disposed of each claim on the merits."  <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir. 1994) (citing

18  <u>Carothers v. Rhay</u>, 594 F.2d 225, 228 (9th Cir. 1979)).  As a matter of comity, a federal

19  court will not entertain a habeas corpus petition unless the petitioner has exhausted the

20  available state judicial remedies on every ground presented in the petition.  <u>Rose v. Lundy</u>,

21  455 U.S. 509, 518-22 (1982).  Petitioner has the burden of demonstrating that he has

22  exhausted available state remedies.  <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir.

23  1981), <u>cert. denied</u>, 455 U.S. 1023 (1982); <u>see</u> <u>also</u> <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d

24  Cir. 1982).

25                                      * * * *

26          For the foregoing reasons, the Petition is **DISMISSED WITH LEAVE TO AMEND**.  If

27  Petitioner elects to pursue this action, he is **ORDERED** to file an amended petition rectifying

28

the deficiencies identified above no later than **October 29, 2012**.  The clerk is directed to send Petitioner a blank Petition for Writ of Habeas Corpus form for this purpose.

The amended petition shall reflect the same case number as the petition, be clearly labeled "First Amended Petition," and be filled out completely.  Petitioner shall name the proper respondent, and provide all of the requested information.

Petitioner shall immediately notify the Court of any change to Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute and failure to comply with a court order. See Local Rule 41-6.

Finally, Petitioner is cautioned that his failure to file a First Amended Petition by October 29, 2012, may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  No extension of this deadline will be granted absent a showing of good cause.

**IT IS SO ORDERED.**

DATED: September 28, 2012                    /s/ John E. McDermott
                                        JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE