UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKA GILBERT, <br><br> Petitioner, <br><br> v. <br><br> STATE COALINGA, et al., <br><br> Respondents. | Case No. EDCV 12-1446-DSF (JEM) <br><br> MEMORANDUM AND ORDER DISMISSING FIRST AMENDED PETITION WITH LEAVE TO AMEND |

On August 28, 2012, Chaka Gilbert ("Petitioner"), proceeding pro se, filed a petition for writ of habeas corpus ("Petition").  The Court reviewed the Petition and found that it suffered from numerous deficiencies, including that it was unintelligible and failed to state a cognizable claim for habeas relief or name a proper respondent.  Accordingly, on September 28, 2012, the Court issued a Memorandum and Order Dismissing Petition With Leave to Amend ("Order").  The Order directed the Clerk to send Petitioner the proper habeas form, outlined the various deficiencies of the Petition, gave Petitioner guidance regarding the filing of his claims, and granted Petitioner until October 29, 2012, to file a First Amended Petition ("FAP").  Petitioner specifically was cautioned that failure to file a FAP in the time provided could result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.

Petitioner failed to file a FAP by the deadline. On November 15, 2012, the Court issued a Report and Recommendation, recommending that this action be dismissed for failure to prosecute. However, on December 10, 2012, Petitioner filed a FAP, and it appeared that Petitioner was attempting to prosecute this action. Accordingly, the Court withdrew the November 15, 2012, Report and Recommendation.

The Court's review of the FAP reveals that it suffers from the following deficiencies:

1. The Petition is essentially unintelligible, and Petitioner has failed to articulate any legal claims for relief or the factual basis for those claims. It appears that Petitioner was incarcerated at the California State Prison-Corcoran and/or Wasco State Prison, but was transferred to Coalinga State Hospital, where he is currently housed. A petitioner in custody pursuant to the judgment of a State court may challenge his confinement "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Plaintiff fails to do so. Although he indicates that he wants to be released from Coalinga State Hospital, he does not offer a legal or factual basis for challenging his confinement. Accordingly, Petitioner fails to state a cognizable claim for habeas relief under 28 U.S.C. § 2254.

2. Petitioner has failed to name a proper respondent. He names "CDC Corrucasno" and/or "Mrs. Lowpass Wasco Pris[on] Attorney" as respondent. If Petitioner chooses to file an amended petition, he must name as the respondent the warden of the facility where he is currently confined. See 28 U.S.C. § 2242; see also Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto. The Ninth Circuit has held that the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

3. Petitioner has failed to demonstrate that he has exhausted his state remedies as to any claim that he is in state custody in violation of federal law. The public docket of the California Supreme Court does not show that any petition has been filed by Petitioner in

that court. Federal habeas relief may not be granted unless Petitioner has exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). "To exhaust state remedies, petitioner must present each of his claims to the state's highest court. In turn, the state's highest court must have disposed of each claim on the merits." James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994) (citing Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979)). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); see also Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

\* \* \* \*

For the foregoing reasons, the FAP is **DISMISSED WITH LEAVE TO AMEND**. If Petitioner elects to pursue this action, he is **ORDERED** to file an amended petition rectifying the deficiencies identified above no later than **February 15, 2013**. The clerk is directed to send Petitioner a blank Petition for Writ of Habeas Corpus form for this purpose.

The amended petition shall reflect the same case number as the petition, be clearly labeled "Second Amended Petition," and be filled out completely. Petitioner shall name the proper respondent, provide all of the requested information, and state the federal constitutional basis for his claims.

Petitioner shall immediately notify the Court of any change to Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute and failure to comply with a court order. See Local Rule 41-6.

Finally, Petitioner is cautioned that his failure to file a Second Amended Petition by February 15, 2013, may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. No extension of this deadline will be granted absent a showing of good cause.

**IT IS SO ORDERED.**

DATED: January 17, 2013                  /s/ John E. McDermott
                                         JOHN E. MCDERMOTT
                                         UNITED STATES MAGISTRATE JUDGE

4